LANAHAN *v.* KENT CIRCUIT JUDGE

REPLEVIN—NON-RESIDENT DEFENDANT—PLURIES WRITS — DISMISSAL OF SUIT.

The appearance of a non-resident defendant in replevin cannot be forced by the seizure of property and the issuance of successive writs without expectation of service, and where a considerable period (*e. g.*, 11 months) has elapsed since the issuance of the last writ, and no return thereof has been made, the proceedings should be dismissed upon motion, and an assessment of damages awarded.

*Mandamus* by William Lanahan and others to compel William E. Grove, circuit judge of Kent county, to dismiss a replevin suit. Submitted October 8, 1895. Granted October 22, 1895.

*Rood & Ryan,* for relators.

*D. E. Corbitt,* for respondent.

McGRATH, C. J.   On the 21st of January, 1893, a writ of replevin issued from the Kent circuit court against property alleged to be unlawfully detained by relators. The writ was returnable February 7, 1893.  On that date, the sheriff made return that he had seized the property, but was unable to find defendants or either of them.  On February 15, 1893, defendants appeared specially, and moved to quash the writ, and that they have judgment for the value of the property taken.  On February 20, 1893, the motion was denied, and on application an *alias*

writ was issued, returnable May 20, 1893. June 5, 1893, the sheriff returned that he was unable to find defendants. May 20, 1893, a *pluries* writ was allowed, returnable August 19, 1893, and returned not found. Other *pluries* writs were issued August 19, 1893, November 17, 1893, and February 13, 1894, the first two of which were regularly returned, but the last was not returned. On January 14, 1895; again on February 13, 1895, and again on February 19, 1895, defendants appeared specially, and moved to dismiss and for judgment for the value of the property, which motions were denied. Pending the second motion, plaintiff, on February 15, 1895, asked for another *pluries*, and the same was allowed. Upon the motions made by defendants, it was set forth that, on the same day that the writ of replevin was issued against relators, said relators had caused to be issued out of the same court a writ of replevin for the same property against one Gelock; that said replevin suit had since been tried, resulting in a judgment in favor of relators. It further appeared that relators were at the time of the issue of said writs, and ever since have been, residents of the State of Maryland. Relators ask for a *mandamus* directing the circuit judge to dismiss said proceedings, and award to relators a judgment for the value of the property. The answer admits the facts set forth in the petition.

The appearance of non-residents in a replevin suit cannot be forced by successive writs, issued without expectation of service. The writ may run against any party in possession, and the claimant is thereby fully protected. *Alias* and *pluries* writs in such cases should issue seasonably, and with reference to a prospective service. There is no claim that the absence of defendants from the State was temporary, but it is conceded that they were and are non-residents, and beyond the reach of process. When, in January, 1895, defendants moved to dismiss, 11 months had elapsed since the issuance of the last writ, and no return thereof had been made.

The writ will issue, commanding the circuit judge to dismiss the proceedings, and allowing defendants to proceed to an assessment under the statute.

The other Justices concurred.